**KLAWOCK HEENYA CORPORATION,**
an Alaska corporation, Appellant,

v.

**DAWSON CONSTRUCTION/HANK'S EXCAVATION, a Joint Venture; Dawson Construction Company, a Washington corporation; Hank's Excavation, Inc., an Alaska corporation; and United Pacific Insurance Co., a Washington corporation, Appellees.**

No. S–2457.

Supreme Court of Alaska.

Aug. 25, 1989.

Joan H. Lukasik and Terrence L. Fredrickson, Smith & Leary, Seattle, Washington, for appellant.

Mary E. Guss, Clifford H. Smith, APC, Ketchikan, for appellees.

Before MATTHEWS, C.J.,
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

OPINION

MATTHEWS, Chief Justice.

I. FACTS AND PROCEEDINGS

Appellant Klawock Heenya Corporation ("Klawock") brought suit against appellee

Hank's Excavation[1] to recover the unpaid balance owed by Hank's Excavation for its purchase of fuel from Klawock. Hank's Excavation counterclaimed, asserting that some of the fuel was defective and had caused it to incur damages in excess of $25,000. After a non-jury trial, the trial court held for Klawock on its claim and for Hank's Excavation on its counterclaim.

The trial court found that the fuel which Klawock sold to Hank's Excavation had water in it; that as a result, Hank's Excavation incurred expenses from "down time" and repairs to its equipment; that the cost of repairs and parts was $14,763.57; and that Hank's Excavation's lost profits amounted to $13,944.36. Accordingly, the court awarded $28,707.93 plus interest to Hank's Excavation.

Klawock moved for reconsideration of the trial court's decision, alleging that the court allowed Hank's Excavation to establish its damages via improper hearsay evidence, and that the court improperly excluded the testimony of one of Hank's Excavation's employees, a mechanic, which would have shown that the equipment at issue was not damaged by water in the fuel. The trial court denied the motion. On appeal, Klawock reasserts these arguments. Because of the factual nature of these arguments, additional facts are included in the discussion below where applicable.

## II. DISCUSSION

### A. *The Court Improperly Excluded Admissions of Hank's Excavation's Mechanic*

At trial, Klawock offered testimony concerning admissions of one of Hank's Excavation's employees, a mechanic, that the equipment failure at issue was not caused by defective fuel. The trial court excluded this evidence, ruling that it was inadmissible hearsay. On appeal, Klawock argues that this statement was not hearsay and that the court's ruling constituted reversible error.

Alaska Rule of Evidence 801(d)(2)(D) states that a statement is not hearsay if "[t]he statement is offered against a party and is ... (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship."[2] This definition includes statements which merely "concern" the employee's duties. *Knight v. American Guard & Alert, Inc.*, 714 P.2d 788, 795 (Alaska 1986). *See also Rutherford v. State*, 605 P.2d 16, 24 (Alaska 1979).

Under this rule, Klawock's proposed evidence clearly was not hearsay. Hank's Excavation does not deny that the mechanic whose admission was offered was its employee when he made the statement, or that the statement concerned the mechanic's duties. Indeed, it does not even deny that the court erred in excluding this evidence. Rather, it argues that the exclusion was harmless error.

Evidence Rule 103(a) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected...." We have interpreted similar language in Civil Rule 61, and held that our role in an analysis of this type is to determine how the error may have affected a reasonable fact-finder. *Poulin v. Zartman*, 542 P.2d 251, 261 (Alaska 1975).

In this case, the court's exclusion of Klawock's evidence was not harmless error. Hank's Excavation's evidence as to causation was flimsy at best.[3] Its evidence

---

1. The appellees also include Dawson Construction/Hank's Excavation, a joint venture; Dawson Construction Company; and United Pacific Insurance. For ease of reference, this opinion refers to them collectively as "Hank's Excavation."

2. This rule could also be regarded as an exception to the hearsay rule. Commentary to Evidence Rule 801(d)(2) (1989–90).

3. The only evidence presented at trial as to causation was the testimony of Hank Terpsma. He testified not as an expert, but as the president of Hank's Excavation. He also admitted that he lacked personal knowledge as to causation. Mr. Terpsma's view as to whether the defective fuel actually injured his equipment was, "[i]t has to, water and diesel don't mix."

was, moreover, apparently predicated on information which would have been within the mechanic's sphere of responsibility. Given these facts, a contradictory admission by Hank's Excavation's mechanic would have considerable persuasive value. The court's error therefore was not harmless.

### B. *Proof of Damages*

The only evidence introduced at trial by Hank's Excavation as to its damages was a hand-written exhibit entitled "Equipment Damaged by Fuel." Page three of the exhibit contains a summary of the profits that Hank's Excavation claims to have lost as a result of Klawock's defective fuel. Klawock objected to the admission of this page on the ground that it was hearsay. The court overruled the objection with no explanation. We address this issue for the parties' guidance on remand.

Evidence Rule 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The exhibit in question is exactly that. The page at issue was prepared before trial by Marty Parsons, Hank's Excavation's project manager. Mr. Parsons did not testify at trial. The page was offered to prove the truth of the matter it asserts, namely the extent of Hank's Excavation's lost profits. Therefore, according to Evidence Rule 802,[4] this page of the exhibit constitutes inadmissible hearsay. We do not decide in this opinion whether the exhibit could fit within one of the exceptions to this rule.

REVERSED and REMANDED.

---

4. Evidence Rule 802 provides: "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Alaska Supreme Court, or by enactment of the Alaska Legislature."